IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICK ALAN EDWARDS, | |
| Plaintiff, | 8:23CV2 |
| vs. | |
| NEBRASKA DEPARTMENT OF CORRECTIONS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's correspondence, which the Court construes as a motion for reconsideration. Filing No. 8. Plaintiff asks the Court to reconsider its January 30, 2023 Memorandum and Order granting Plaintiff leave to proceed in forma pauperis ("IFP") and directing Plaintiff to pay an initial partial filing fee of $81.90 based on an average monthly account balance of $409.48. Filing No. 7. Plaintiff states "[t]rying to pay the $350 fee will be difficult" because his "daily pay is $3.78, and I for right now get a $32.00 a month bonus . . . [and] I try to keep a buffer of $400 in my account in case something happens during the month." Filing No. 8.

Under the Prison Litigation Reform Act ("PLRA"), an indigent inmate who files a lawsuit in federal court must pay the $350.00 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments. The method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive an in forma pauperis prisoner's filing fee. "The purpose of the Prison Litigation Reform Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate

pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Moreover, the PLRA makes prisoners responsible for their filing fees *the moment* the prisoner brings a civil action or files an appeal, even if the case is dismissed at a later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997). In other words, Plaintiff became obligated to pay the entire $350.00 filing fee the moment he filed this civil action and will remain liable for making payments as long as he remains incarcerated.

Here, the Court calculated Plaintiff's initial partial filing fee pursuant to pursuant to 28 U.S.C. § 1915(b)(1), which requires Plaintiff to pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. As his institutional trust account statement shows, Plaintiff's average monthly account balance of $409.48 is greater than his average monthly deposits of $154.84, and Plaintiff, therefore, must pay an initial partial filing fee of $81.90. *See* Filing No. 6. In addition, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," which his institution is obligated to collect and remit to the Court pursuant to the procedure set forth in 28 U.S.C. § 1915(b)(2).

Based on the foregoing, the Court has no discretion to reconsider or waive any part of Plaintiff's IFP filing fee. Therefore, Plaintiff's motion will be denied, and all payments will be collected in accordance with section 1915(b).

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for reconsideration, Filing No. 8, is denied.

2.Plaintiff is reminded that his initial partial filing fee payment of $81.90 is due by **March 1, 2023**, unless the Court extends the time in which he has to pay in response to a written motion.

Dated this 23rd day of February, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge