IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICK ALAN EDWARDS, <br><br> Plaintiff, <br><br> vs. <br><br> NEBRASKA DEPARTMENT OF CORRECTIONS, <br><br> Defendant. | 8:23CV2 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Rick Alan Edwards' ("Plaintiff") Complaint, Filing No. 1, filed on January 3, 2023. Also before the Court are Plaintiff's two motions requesting the status of this case. Filing No. 14; Filing No. 16. Upon consideration, Plaintiff's motions for status are granted and this Memorandum and Order serves to advise Plaintiff of the case's status. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 7. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. In conducting this review, the Court will consider the supplement filed by Plaintiff on January 2, 2024.[1] Filing No. 12.

### I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner confined presently and at all relevant times at the Reception and Treatment Center ("RTC") under the custody of the Defendant Nebraska Department of Correctional Services ("NDCS"). Plaintiff sues NDCS under 42 U.S.C. §

---

[1] Plaintiff filed a second supplement on January 17, 2025, but the medical issues raised in this supplement do not relate to Plaintiff's injuries arising out of his January 13, 2022, fall. Filing No. 15. Plaintiff also does not allege any specific injuries or request any relief related to the medical issues referenced. The Court, therefore, has not considered Plaintiff's second supplement in reviewing the Complaint.

1983 for denying him "medical treatment." Filing No. 1 at 3. On January 13, 2022, Plaintiff was on a travel order to see his doctor concerning his prostate cancer. The correctional officers transporting Plaintiff, "Blue and Nick," failed to follow correct procedures by holding Plaintiff's arm while he was in full restraints, and Plaintiff fell face first in the parking lot, hitting his right elbow and causing bleeding. Id. at 4–5. The two correctional officers picked up Plaintiff and proceeded to the doctor appointment. Ninety minutes later, Plaintiff was brought back to the prison and saw the prison doctor who cleaned up the blood from Plaintiff's arm. Id. at 5.

As a result of the fall, Plaintiff hurt his right elbow and upper chest area. His arm was bandaged, and he got a shot for pain in his chest. Plaintiff complains that he had to wait almost a month to receive an x-ray on his arm and shoulder. Id. at 6–7; Filing No. 12 at 13–14. Plaintiff also had a C-scan performed in May 2022[2] for his cancer, and, when he received the results, he found out then that he had three recently fractured ribs. Filing No. 1 at 5; Filing No. 12 at 4. In response to his January 20, 2022, Informal Grievance regarding the delay in receiving an x-ray, NDCS staff responded, "Medical indicates you were seen in regard to this issue on 2/2/2022, and you have been scheduled for an X-Ray." Filing No. 1 at 12. Plaintiff later submitted a Step Two Grievance on March 16, 2022, complaining "that this procedure is taking to [sic] long. . . . If I did not have to wait 6 weeks for an X-ray to come back showing no broken bones [or] if this was sooner like the day I fell, we would know that there is possible nerve damage to my arm." Id. at 17. NDCS staff responded on March 28, 2022, with the following:

---

[2] The medical records Plaintiff submitted in his supplement indicate this imaging was performed in March 2022. Filing No. 12 at 4.

2

> RTC does not have an in-house x-ray technician. If the provider felt the x-ray needed to be done immediately, you would have to been [sic] sent to the outside hospital as an x-ray requires a Provider order. You were scheduled for the next available date by RTC staff when the x-ray technician was onsite. You are encouraged to communicate any additional health concerns to medical staff at your facility.

*Id*. at 16.

Medical records provided by Plaintiff show he received x-rays on February 11, March 25, and November 9, 2022, and May 15, 2023. Filing No. 12 at 9–14. The x-rays of Plaintiff's right elbow did not reveal any fractures but did show "[m]oderate elbow joint arthritis." *Id*. at 11; *see also Id*. at 9–10, 14. Plaintiff was evaluated on April 27, 2022, by Dr. David L. Samani, who noted Plaintiff presented "with a recent history of a fall landing on his right elbow. He has a pre-existing traumatic osteoarthritis to his right elbow joint. He also comes in with an ulnar nerve neuropathy. He does have a family history of rheumatoid arthritis." *Id*. at 3. Plaintiff's NDCS medical records also indicate he was seen on June 20, 2023, to discuss his May 15, 2023, x-ray results and a physical therapy consult was ordered, and he had physical therapy appointments or follow-up visits regarding his right elbow pain on July 18, August 1, August 8, August 15, and August 21, 2023. *Id*. at 5–9. Plaintiff was again evaluated by Dr. Samani on November 1, 2023, who noted his "history of osteoarthritis of the right elbow" and recommended "an MRI of the elbow as his current range of motion is from 10 degrees of flexion to 160 degrees flexion, full supination." *Id*. at 2.

As relief, Plaintiff seeks damages for his pain and suffering and "medical attention since [his] arm will not straighten out, and [he] still ha[s] pain in elbow." Filing No. 1 at 5.

3

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  See 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by

4

the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. ANALYSIS OF CLAIMS

As explained below, the Court concludes Plaintiff's Complaint cannot proceed against the only named Defendant, NDCS, but the Court will give Plaintiff an opportunity to amend his Complaint to allege plausible Eighth Amendment claims against specific, named individual defendants.

**A. Sovereign Immunity**

Plaintiff only names NDCS as a defendant. States or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989), and suits for money damages against the state or its agencies are barred by the Eleventh Amendment. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (Eleventh Amendment bars suit against state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989) (suit brought solely against state or state agency is proscribed by Eleventh Amendment); *see also Brown v. Arkansas Dep't of Human Servs.*, 452 F. App'x 690, 693 (8th Cir. 2011) (unpublished) (plaintiff's § 1983 claims against state agency barred by Eleventh Amendment). Accordingly, NDCS must be dismissed for failure to state a claim upon which relief can be granted.

Because Plaintiff's Complaint cannot proceed against the only named defendant, the Complaint fails to state a claim upon which relief may be granted and is subject to

dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A. However, the Court will give Plaintiff an opportunity to amend his Complaint to allege a plausible Eighth Amendment claim of deliberate indifference to his medical needs against specific, named defendants in their individual capacities. If Plaintiff chooses to amend his Complaint, he should be mindful of the following standards applicable to his claim.

**B. Deliberate Indifference to Medical Needs**

The constitutional obligation to provide medical care to those in custody may be violated when officials "intentionally deny[ ] or delay[ ] access to medical care or intentionally interfer[e] with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) ("[D]elays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim.") (quotations omitted).

To prevail on this claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *See Estelle*, 429 U.S. at 106. The deliberate-indifference standard includes both an objective and a subjective component. Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) Defendants knew of, but deliberately disregarded, those needs. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (Eighth Amendment claim based on inadequate medical attention requires proof that officials knew about excessive risks to inmate's health but disregarded them and that their unconstitutional actions in fact caused inmate's injuries); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000).

> Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. An obvious risk of harm justifies an inference

6

that a prison official subjectively disregarded a substantial risk of serious harm to the inmate. Deliberate indifference must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision.

Schaub v. Vonwald, 638 F.3d 905, 914-15 (8th Cir. 2011) (internal quotations and citations omitted).

"For a claim of deliberate indifference, the prisoner must show more than negligence, more than gross negligence, and mere disagreement with treatment decisions does not reach the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." Popoalii v. Correctional Medical Services, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citation omitted). A prisoner's mere disagreement with the course of his medical treatment fails to state a claim against a prison physician for deliberate indifference under the Eighth Amendment. Bender v. Regier, 385 F.3d 1133, 1137 (8th Cir. 2004).

In addition, "[i]t is well settled that § 1983 does not impose respondeat superior liability." Hughes v. Stottlemyre, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). Thus, if Plaintiff chooses to amend his Complaint, he must allege facts showing what each named defendant did to him, when the defendant did it, and how the defendant's actions harmed Plaintiff.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted against the lone named Defendant NDCS and is subject to dismissal pursuant to 28

U.S.C. §§ 1915(e) and 1915A. On the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states an Eighth Amendment claim against specific, named defendants in their individual capacities. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his current Complaint and any new allegations. Plaintiff should be mindful to explain what the defendant did to him, when the defendant did it, and how the defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings. Plaintiff is encouraged to use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **October 24, 2025**, to file an amended complaint against specific, named defendants in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. **Plaintiff should be mindful to explain in his amended complaint what the defendant did to him, when the defendant did it, and how the defendant's actions harmed him.**

8

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint.**

3. The Clerk's office is directed to send to Plaintiff the form prisoner complaint for violation of civil rights.

4. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

5. Plaintiff's pending motions for status, Filing No. 14; Filing No. 16, are granted consistent with this Memorandum and Order.

6. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **October 24, 2025**: check for amended complaint.

7. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 24th day of September, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge