IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RICK ALAN EDWARDS,

Plaintiff,

vs.

RICHARD BLUE, NICK STEIN, ROB JEFFRIES, Director and Designees; and DR. LOVELACE, Medical Director and Designees;

Defendants.

**8:23CV2**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Rick Alan Edwards' ("Plaintiff") Amended Complaint. Filing No. 18. Plaintiff, an inmate in the custody of the Nebraska Department of Correctional Services ("NDCS"), filed a Complaint, Filing No. 1, and was given leave to proceed in forma pauperis. On September 24, 2025, the Court conducted an initial review under 28 U.S.C. §§ 1915(e) and 1915A (the "Initial Review Order") and determined Plaintiff's Complaint failed to state a claim upon which relief may be granted against the only named defendant, NDCS, for deliberate indifference to his medical needs. Filing No. 17. However, the Court gave Plaintiff leave to file an amended complaint to allege a plausible claim for relief against specific, named defendants. Plaintiff timely filed his Amended Complaint, Filing No. 18, on October 17, 2025, and the Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I.  SUMMARY OF AMENDED COMPLAINT

Plaintiff is currently confined in the Norfolk Regional Center ("NRC"), but his Amended Complaint relates to events that occurred while he was confined in the Lincoln Correctional Center ("LCC").  Filing No. 18 at 2, 6.  Plaintiff sues NDCS correctional officers  Richard Blue ("Blue") and Nick Stein ("Stein"), NDCS Director Rob Jeffreys ("Jeffreys"),[1] NDCS Medical Director Dr. Lovelace, and unspecified "Designees" of both directors in their individual and official capacities (collectively "Defendants").  *Id*. at 2–3.  Liberally construed, Plaintiff alleges Defendants were deliberately indifferent to his safety and medical needs causing "wanton infliction of pain."  *Id*. at 4.

As in his original Complaint, Plaintiff's claims arise out of an incident on January 13, 2022, when he was on a travel order to see his urologist.  Blue and Stein were transporting Plaintiff to his appointment and failed to support Plaintiff safely by holding his arm, causing him to fall face first in the parking lot while cuffed.  *Id*. at 4–5.  Blue and Stein picked Plaintiff up, and Plaintiff's arm and elbow were bleeding.  Plaintiff remained in restraints until he returned to the prison, at which time he "could not lift [his] arm to be safety searched."  *Id*. at 5.  Plaintiff's shoulder and upper chest area hurt, and the blood was cleaned off Plaintiff at the prison, he was bandaged, and he received a shot for pain.  *Id*.  About a month after his fall, Plaintiff received an x-ray and "was told that [he] had  muscle  damage,  or  pulled  muscle  in  chest,  and  got  another  shot."   *Id*. Approximately five months later, Plaintiff had a C-SCAN and learned he had broken ribs.  *Id*.

---

[1] Plaintiff refers to this defendant as "Rob Jeffries," Filing No. 18 at 3, but the Court will use the correct spelling of "Jeffreys" throughout this Memorandum and Order.

On February 26, 2026, Plaintiff filed a supplement, Filing No. 19, indicating he currently was receiving physical therapy for his shoulder at the NRC.

For relief, Plaintiff seeks $100,000 in damages, "a change in training for transport workers, and medical staff to give a proper diagnosis" because he "got repeated shots for a strain muscle, when [he] had cracked ribs." Filing No. 18 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d

3

968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  ANALYSIS OF CLAIMS

Upon review, the Court concludes Plaintiff's Amended Complaint fails to state any plausible claim for relief and finds dismissal is appropriate as further amendment would be futile.

### A.  Sovereign Immunity

Plaintiff sues Defendants in their official and individual capacities for damages. However, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity.  *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress.  *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 446–47; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981).

There is nothing in the record before the Court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, Plaintiff's claims for money damages against Defendants in their official capacities are barred by the Eleventh Amendment and cannot proceed.

There is an exception to sovereign immunity. "State officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief." Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). While Plaintiff does request prospective relief in the form of training for transport officers and medical staff, such relief is not available as the Prison Litigation Reform Act ("PLRA") limits requests for prospective relief related to Plaintiff's prison conditions of confinement to an order correcting the violation. See Kimbrough v. Hogan, No. 8:23CV64, 2024 WL 837168, at *3 (D. Neb. Feb. 28, 2024) (citing 18 U.S.C. § 3626 and cases). Prospective relief is defined as including "all relief other than compensatory monetary damages." 18 U.S.C. § 3626(g)(7). Therefore, the Court cannot grant Plaintiff's request to impose changes in how transport officers and medical staff are trained as such relief would not correct the past harms Plaintiff suffered relating to his fall and past alleged misdiagnosis.

Sovereign immunity does not bar damages claims against state officials acting in their individual capacities, so the Court now reviews Plaintiff's Amended Complaint to determine whether he alleges plausible claims for relief against Defendants in their individual capacities.

**B. Claims Against Jeffreys, Lovelace, and Designees**

Plaintiff names Jeffreys, Lovelace, and their "Designees" as Defendants in this matter, but he makes no allegations against any of them in the body of his Complaint. For example, he does not allege that any of them are personally involved in the alleged constitutional violations or that any of them had any personal involvement whatsoever in Plaintiff's allegedly deficient medical care. To the extent Plaintiff seeks to hold Jeffreys, Lovelace, and their Designees responsible for Plaintiff's alleged injuries based on their positions as the NDCS Director and Medical Director, Plaintiff cannot do so. "It is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of violative practices.'" *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)).

Plaintiff does not allege that Jeffreys, Lovelace, or their Designees were personally involved in Plaintiff's transport on January 13, 2022, or the provision of his medical treatment nor does he allege facts suggesting that these defendants failed to correct any known deficiencies in Plaintiff's medical treatment or in the transport of inmates. As such, Plaintiff has failed to state a plausible claim for relief against Jeffreys, Lovelace, and their Designees. *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir.

6

2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

### C. Claims Against Blue and Stein

Liberally construed, Plaintiff alleges Blue and Stein were deliberately indifferent to his safety on January 13, 2022, when they failed to follow proper transport procedures and support Plaintiff's arm in a hospital parking lot, causing Plaintiff to fall face first while cuffed. Filing No. 18 at 4–5. Prison officials must take reasonable steps to ensure the well-being of prisoners, and the failure to do so may constitute deliberate indifference. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). "A deliberate-indifference claim, whether for indifference to a risk of harm or for failure to protect, requires the [prisoner] to establish both that 'the deprivation alleged must be, objectively, sufficiently serious,' and that the defendants were subjectively deliberately indifferent to the [prisoner's] health or safety." *Daywitt v. Harpstead*, No. CV 19-2632, 2020 WL 2557946, at *1 (D. Minn. May 20, 2020) (internal citation omitted) (quoting *Farmer*, 511 U.S. at 834; citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)). An objectively serious deprivation means that the prisoner is held "under conditions posing a substantial risk of serious harm." *Irving v. Dormire*, 519 F.3d 441, 447 (8th Cir. 2008) (internal quotation and citation omitted). An official is subjectively deliberately indifferent only if "the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and . . . the official [actually] drew that inference." *Perkins v. Grimes*, 161 F.3d 1127, 1130 (8th Cir. 1998). Deliberate

indifference entails "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835 (internal quotation omitted).

Here, the allegations of Plaintiff's Amended Complaint fail to suggest that Blue and Stein were deliberately indifferent to Plaintiff's safety.  Plaintiff alleges that Blue and Stein failed to follow procedure and "support Plaintiff safely" in the parking lot while Plaintiff was wearing restraints and Plaintiff fell as a result.  Filing No. 18 at 4.  These facts, by themselves, suggest only that Blue and Stein acted negligently in failing to support Plaintiff in the parking lot during transport and are insufficient to state an Eighth Amendment deliberate indifference claim.  *See McGee v. Adams*, 721 F.3d 474, 484–85 (7th Cir. 2013) (finding no basis to conclude defendants were deliberately indifferent to any substantial risk of harm where a shackled inmate fell after he was required to climb, unassisted, into a van by stepping onto a milk crate); *Braxton v. Wyandotte County Sheriff's Dep't*, 206 Fed.Appx. 791, 792 (10th Cir. 2006) (officer's negligence in escorting inmate who was shackled and injured as a result of falling down a flight of stairs did not violate the Eighth Amendment); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, a 'slip and fall,' without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." (internal quotation and citation omitted)); *Jones v. Meddly*, No. 1:17-CV-109, 2019 WL 3302358, at *7–*8 (E.D. Cal. July 23, 2019) (defendant correctional officer was not deliberately indifferent to the plaintiff's safety when the plaintiff "was ascending steep metal stairs, stated his difficulty balancing while shackled, and was wearing flip-flops after showering"); *Silva v. Bd. of Cnty. Comm'rs for the Cnty. of Roosevelt*, No. 2:15-CV-1046, 2017 WL 4325769, at *5

8

(D. N.M. Sep. 26, 2017) (requiring detainee to exit transport van while shackled did "not amount to a cognizable violation of the Eighth Amendment."); *Jones v. Ford*, No. 5:0900388-WR-JJV, 2010 WL 729001, at *3 (E.D. Ark. Mar. 1, 2010) ("Absent special circumstances, accidents such as this do not give rise to a cause of action under 42 U.S.C. § 1983.").

Nor does Plaintiff's allegation that Blue and Stein failed to follow prison policy in transporting him save Plaintiff's claim.  "An internal jail policy or procedure does not create a constitutional right, nor does the failure to follow such a regulation rise to the level of a § 1983 claim."  *Langley v. Wallace*, No. 5:19-CV-05029, 2019 WL 1810999, at *5 (W.D. Ark. Apr. 24, 2019) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).    Thus, Plaintiff's Amended Complaint fails to state a plausible deliberate indifference claim against Blue and Stein.

## D.  Deliberate Indifference to Medical Needs

While Plaintiff has not alleged facts suggesting that any of the named Defendants were deliberately indifferent to his medical needs, the Court concludes giving Plaintiff another opportunity to amend his pleading to assert his medical deliberate indifference claims against specific defendants would be futile as his allegations fail to show a plausible Eighth Amendment violation.

As the Court previously explained, to prevail on an Eighth Amendment deliberate indifference to medical needs claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs.  *See Estelle*, 429 U.S. at 106.  "For a claim of deliberate indifference, the prisoner must show more than negligence, more than gross negligence, and mere disagreement with treatment decisions does not reach

the level of a constitutional violation.   Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citation omitted).   A prisoner's mere disagreement with the course of his medical treatment fails to state a claim against a prison physician for deliberate indifference under the Eighth Amendment. *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004).

Here, Plaintiff alleges that medical staff "downplayed [his injuries] for several months," delayed in providing him medical attention and an x-ray, and were deliberately indifferent to his pain.   Filing No. 18 at 4, 7.   Plaintiff also alleges, however, that he received treatment as soon as he returned to the prison, including a shot for his pain. *Id*. at 5.   Plaintiff also received an x-ray about a month after his fall and was misdiagnosed as having a pulled chest muscle and was given another shot, though it was later determined he had broken ribs.  *Id*.  Plaintiff's allegations about the alleged deficiencies in his medical treatment reflect mere "negligen[ce] in diagnosing or treating a medical condition," which is insufficient to state an Eighth Amendment violation. *Estelle*, 429 U.S. at 106.   Moreover, the medical records Plaintiff submitted with his original Complaint, and which the Court reviewed in detail, *see* Filing No. 17 at 2–3, reflect that Plaintiff consistently received medical treatment.   While the treatment may not have been provided as quickly as Plaintiff would have liked, his allegations reflect a disagreement about the course of his medical care rather than deliberate disregard of a known serious need.  *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) ("Neither differences of opinion nor medical malpractice state an actionable Constitutional

violation."); *see also Fourte v. Faulkner Cnty., Ark.*, 746 F.3d 384, 389 (8th Cir. 2014) (conservative treatment approach, even if medical malpractice, does not necessarily constitute deliberate indifference).   Thus, as pleaded, Plaintiff's Amended Complaint fails to state a plausible claim for deliberate indifference to his serious medical needs.

### IV.  CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants and is subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court will not give Plaintiff another opportunity to amend as the Court concludes that further amendment would be futile. *See Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 758 (8th Cir. 2021) (affirming dismissal with prejudice where plaintiff was unable to plead adequate claims after being given opportunity to amend); *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719–20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss).

IT IS THEREFORE ORDERED that:

1.    This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.    The Court will enter a separate judgment.

Dated this 1st day of April, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

11